```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

Johnny Lee Davis, # 293752,           ) C/A No. 2:08-1052-MBS-RSC
                                      )
                                      )
                  Plaintiff,          )
                                      )
vs.                                   )
                                      ) Report and Recommendation
Ofc. Hunter;                          )
John Clark, Lawyer;                   )
Ofc. Farmer;                          )
Ofc. Major James Dean;                )
Ofc. Richardson;                      )
Cpt. Thomas;                          )
Ofc. Harries, *all of Lee CI*,        )
                                      )
                                      )
                  Defendants.         )

## *Background of this Case*

The *pro se* plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. The plaintiff has brought suit against seven officials or employees of the Lee Correctional Institution pursuant to 42 U.S.C. § 1983. The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's inability to go to the Chapel during controlled movements. The plaintiff contends that the denial of access to Chapel during controlled movements violates his constitutional right of religious freedom.

1

In his prayer for relief, the plaintiff his "Freedom in this matter" and "$40.000" [sic] from each defendant.

In an order filed in this case on April 2, 2008, the undersigned directed the plaintiff to submit Answers to Special Interrogatories and Forms USM-285. The plaintiff has done so. Hence, the above-captioned case is now "in proper form." The plaintiff's Answers to Court's Special Interrogatories (Entry No. 11) reveal that the plaintiff has not filed a formal grievance with respect to the issues raised in the above-captioned case, but the plaintiff has complained to prison officials.

## Discussion

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert.*

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

denied, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonnell*, 418 U.S. 539, 558-62 (1974). There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); and *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988)(collecting cases), *affirmed*, 887 F.2d 1080 (4th Cir. 1989)[Table]. In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 & n.1 (4th Cir. 1984) (collecting cases).

It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See, e.g.*, the order of the Honorable Henry M. Herlong, Jr., United States District Judge, in

4

*Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992), *citing Meachum v. Fano*, 427 U.S. 215 (1976); *Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *and Jackson v. Bostick*, 760 F. Supp. 524, 528 (D. Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.").

It can be judicially noticed that "controlled movements" were instituted in the South Carolina Department of Corrections in the mid-1990's when Michael Moore was the Director. In fact, the History Section on the South Carolina Department of Corrections website (www.doc.sc.gov/about_scdc/AgencyHistory1.jsp) indicates that "Controlled movement within prisons" was instituted "to prevent congregation large groups of inmates in prison yards[.]"

Controlling precedents require federal courts to accord deference to corrections departments with respect to the operation of the particular institution or prison system. *See Block v. Rutherford*, 468 U.S. 576 (1984); *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981) (The Eighth Amendment does not require that prisoners "be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like."), which

was a stay of a district court's order entered by Justice Rehnquist in his capacity as a Circuit Justice.

Moreover, the plaintiff's inability to go to Chapel during a controlled movement does not impose an atypical, significant deprivation in relation to the ordinary incidents of prison life as necessary to invoke the protections of the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 481 (1995) (due process clause offended only when inmate subjected to atypical and significant hardships in relation to ordinary incidents of prison life).[3] *See also Anderson v. County of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995)

---

[3] As earlier stated, the Plaintiff's Answers to Court's Special Interrogatories (Entry No. 11) reveal that the plaintiff has not even filed a grievance with respect to his wish to go to Chapel during controlled movements. Hence, it is readily apparent that the plaintiff has not exhausted his prison remedies. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act ("PLRA"); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 531 U.S. 956 (2001) (unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and *Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).
   Although *Jones v. Bock*, 75 U.S.L.W. 4058, 166 L.Ed.2d 798, 127 S.Ct. 910 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints), has restricted a district court's ability, upon initial review, to dismiss civil rights actions for failure to exhaust prison remedies, it should be noted that *Jones v. Bock* concerned "mixed" civil rights claims. In other words, *Jones v. Bock* was a case which contained both exhausted and non-exhausted civil rights claims. None of the civil rights claims in the above-captioned case are exhausted.

(prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"), *rehearing denied*, 75 F.3d 448 (9th Cir. 1995), *cert. denied*, *County of Kern v. Anderson*, 516 U.S. 916 (1995); and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight").

## Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to

determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

April 16, 2008  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).